966 F.2d 1446
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Clinton F. TAYLOR, Defendant-Appellant.
 No. 92-5065.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 1, 1992
Decided: June 11, 1992
 
 Michael Morchower, Lauren A. Caudill, Morchower, Luxton, & Whaley, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Robert B. Wilson, V, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Clinton F. Taylor pled guilty to conspiracy and attempt to distribute marijuana (21 U.S.C. §§ 846, 853, 855 (1988)) and to structuring currency transactions to avoid the reporting requirements (31 U.S.C. §§ 5324(3), 5322(a) (1988)). He appeals his sentence on the ground that the district court erred in determining that he was an organizer or leader in the offense, thereby increasing his offense level by four levels. United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1990).* We affirm.
 
 
 2
 Taylor participated in a drug conspiracy which distributed about 6,000 pounds of marijuana in the Eastern District of Virginia between 1982 and 1991. By his own admission, he worked without partners from late 1988 to 1991, buying marijuana with cash in 200-300 pound shipments. He recruited and paid a full-time driver to buy the marijuana in Texas and bring it to Virginia, where it was distributed by nine people. Although Taylor maintained in the district court that he was only a supervisor or manager working under two of his coconspirators, we find no clear error in the district court's determination that Taylor, himself, was a leader or organizer in the offense, deserving of the four-point enhancement.
 
 
 3
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 4
 *Although Taylor was sentenced in December 1991, the 1990 guidelines were used because the 1991 amendment to U.S.S.G.s 2S1.3 would have produced a higher offense level for the structuring offense. However, because of the multiple count rules, the final offense level was the same as it would have been using the 1991 guidelines.